## Appeal of James Hoar and Adam D. Swope.

Persons who would be first entitled to letters of administration in case of intestacy are, unless disqualified, entitled to letters of administration *pendente lite* granted in the case of a contested will.

(Decided October 4, 1886.)

Appeal from a decree of the Orphans' Court of Lancaster County revoking letters of administration granted to appellants by the register. Reversed.

November 18, 1885, John B. Hoar died, leaving eight children. Her will, dated December 19, 1881, named William C. Hoar his brother, as executor. Probate thereof was resisted before the register of wills of Lancaster county by a portion of the children, on the ground of want of testamentary capacity. The register after a hearing refused to admit the will to probate, and also to grant letters of administration to the executor named therein, but granted letters to James Hoar, the eldest son, and Adam D. Swope, a son-in-law of decedent. On appeal by a portion of the children to the orphans' court these letters were revoked, and the register was directed to grant letters of administration *pendente lite* to William C. Hoar; whereupon said James Hoar and Adam D. Swope appealed.

*D. G. Eshleman, Z. Swope* and *B. Frank Eshleman* for appellants.

NOTE.—Letters of administration granted after a verdict against the will, which is reversed, are to be treated as raising an administration *pendente lite*, and must be revoked and letters testamentary granted to the executors appointed by the will. Patton's Appeal, 31 Pa. 465.

*A. C. Reinoehl* for appellee.

Opinion by Mr. Justice Green:

When the register of wills granted letters of administration *pendente lite* to the appellants, he certainly had abundant authority of law for his action. Had it been a case of unquestioned intestacy he would have been obliged under the act of March 15, 1832, par. 22 (Purdon's Digest, 410), to appoint James Hoar or some one in the same class and not disqualified. As James Hoar was not disqualified there was no reason why he should not be appointed, and as Swope was a son-in-law and not disqualified there was good reason for his appointment also.

As the alleged will of the decedent was not probated and a contest over its validity was initiated, there was no sufficient reason for passing by those entitled in case of intestacy, and there was nothing to impeach the correctness of the register's action in granting letters to the appellants. We think, therefore, the learned court below was in error in reversing the appointment made by the register, and we feel it to be our duty to reverse the decree of the orphans' court granting letters *pendente lite* to William C. Hoar, who is not one of the class of those entitled, and to reinstate the persons appointed by the register.

Now October 4, 1886, the decree of the Orphans' Court is reversed, and it is ordered that the Register grant letters of administration *pendente lite* to James Hoar and Adam D. Swope upon their giving bond in the sum of $20,000, to be approved by him. The costs of the appeal to be paid by the appellee.